IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:19-cv-00165-MR

ROBERT H. JOHNSON,            )
                              )
                Plaintiff,    )
                              )
vs.                           )         **O R D E R**
                              )
KERI L. TRIPLETT, et al.,     )
                              )
                Defendants.   )
_____)

**THIS MATTER** comes before the Court on Defendant Beth Berry's Motion for Judgment on the Pleadings [Doc. 18].

**I.    BACKGROUND**

The incarcerated *pro se* Plaintiff filed this action pursuant to 42 U.S.C. § 1983 based on an incident that allegedly occurred at the Watauga County Detention Center. The Defendants are Watauga County Department of Social Services Social Workers Keri L. Triplett and Beth Berry.[1] The Complaint passed initial review for the use of excessive force and failure to

---

[1] Defendant Triplett apparently is no longer employed there. [See Doc. 16 at 2; Doc. 27].

intervene. Defendant Berry has now filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.[2]

In the Complaint, Plaintiff alleges that Defendants Berry and Triplett came to interview him at the Detention Center on an unspecified date. At the end of the interview, Triplett grabbed and painfully twisted Plaintiff's privates because Plaintiff "would not support [Triplett's] falsified claim…." [Doc. 1 at 2]. Berry did not try to stop Triplett even though Plaintiff begged Berry to intervene. Plaintiff alleges that he still experiences pain from the incident. He seeks relief including damages and costs of this lawsuit. [Id.].

In her Verified Answer, Defendant Berry admits that she and Defendant Triplett interviewed Plaintiff together in the Watauga County Detention Center on April 17, 2014. [Doc. 16 at 3]. She asserts that this was "the one and only date" when such an interview occurred between Plaintiff and Defendants Berry and Triplett. [Id.]. Defendant Berry denies that she has had "any contact or interaction whatsoever with the Plaintiff after his transfer to the custody of the North Carolina Department of Public Safety on December 4, 2015, following his conviction on numerous felony offenses in Watauga County Criminal Superior Court on December 3, 2015." [Id.].

---

[2] Defendant Triplett has not yet been served. [See Doc. 27]. Defendant Berry argues that the arguments raised in her Motion for Judgment on the Pleadings apply equally to Defendant Triplett.

2

Defendant Berry denies Plaintiff's other allegations and specifically denies that "Plaintiff was ever assaulted in any way by defendant Keri Triplett, … that defendant Beth Berry ever touched Plaintiff in any manner … [or] acted wrongfully, improperly, or unlawfully in any way with respect to the Plaintiff, and further denie[s] that she otherwise violated Plaintiff's constitutional rights in any manner." [Id.]. Defendant Berry also denies that Plaintiff suffered or sustained any injury or damages whatsoever as a result of any actions or omissions of either Defendant. [Id.].

Defendant Berry now moves for a judgment on the pleadings, arguing that Plaintiff's claims are barred by the three-year statute of limitations applicable to § 1983 actions. [Doc. 18]. Plaintiff opposes Defendant Berry's motion. [Docs. 21, 24].

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." A Rule 12(c) motion tests only the sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact. Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014). A motion for judgment on the pleadings pursuant to Rule 12(c) is analyzed under the same standard as a motion to dismiss under Federal

3

Rule of Civil Procure 12(b)(6). See id.; Burbach Broadcasting Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401 (4th Cir. 2002). A court thus accepts all well-pled facts as true and construes the facts in the light most favorable to the plaintiff as the nonmoving party. Id. at 405-06; Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). However, a court does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com. Inc., 591 F.3d 250, 255 (4th Cir. 2009). Nor does a court accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n. 26 (4th Cir. 2009). The key difference between Rule 12(b)(6) and Rule 12(c) is that, in ruling on a Rule 12(c) motion the court may consider the answer as well as the complaint. See Hartford Cas. Ins. Co. v. Gelshenen, 387 F.Supp.3d 634, 637 (W.D.N.C. 2019), aff'd, __ F. App'x __, 2020 WL 1156872 (4th Cir. March 10, 2020).

### III. DISCUSSION

The statute of limitations for § 1983 claims is borrowed from the applicable state's statute of limitations for personal-injury actions. See Wallace v. Kato, 549 U.S. 384, 387 (2007); Tommy Davis Const., Inc. v. Cape Fear Pub. Util. Auth., 807 F.3d 62, 66-67 (4th Cir. 2015). Section 1983

4

claims arising in North Carolina are governed by the three-year period for personal injury actions. See N.C.G.S. § 1–52; Nat'l Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1162 n.2 (4th Cir. 1991). The limitations period for a § 1983 claim begins to run when the plaintiff has "a complete and present cause of action"—in other words, when the plaintiff could have "file[d] suit and obtain[ed] relief." Wallace, 549 U.S. at 388 (quoting Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201 (1997)).

Here, the Complaint does not set forth the date on which the incident allegedly occurred. Defendant Berry asserts in her Verified Answer and Motion for Judgment on the Pleadings that the only date upon which the alleged incident could have occurred is April 17, 2014, and Plaintiff agrees with this date in his Response. [See Doc. 24 at 1]. The record reveals that Plaintiff filed the Complaint on December 12, 2019, outside the three-year statute of limitations. See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule); see Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prison mailbox rule to a § 1983 case).

Plaintiff appears to argue that his Complaint should nevertheless be considered timely due to equitable tolling of the statute of limitations. [See

5

Doc. 24 at 2]. Specifically, he appears to assert equitable tolling for the period during which his grievances went unanswered and for the time when he was ashamed to present his claims in court. [See id. at 2].

Equitable tolling applies in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). As a general matter, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Holland v. Florida, 560 U.S. 631, 649 (2010).

Defendant Berry argues that Plaintiff's feelings of shame about the alleged incident do not warrant equitable tolling because shame is not an extraordinary circumstance beyond Plaintiff's control that prevented him from timely filing his lawsuit. Defendant Berry does not, however, address Plaintiff's argument that he filed grievances about the incident but never received a response. It appears that Plaintiff is seeking to toll the time during which he attempted to exhaust his administrative remedies but received no response. The Court is unable to look outside the record at facts which would

6

Case 5:19-cv-00165-MR   Document 31   Filed 05/12/20   Page 6 of 7

determine the Detention Center's grievance policy and Plaintiff's efforts to exhaust his administrative remedies. The Court cannot, therefore, conclusively determine at this early stage whether Plaintiff's claims are time-barred. See, e.g., Goodman v. Praxair, Inc., 494 F.3d 458, 466 (4th Cir. 2007) (holding that the district court erred by dismissing the complaint under Rule 12(b)(6) as time-barred where the complaint did not allege facts sufficiently clear to conclude that the statute of limitations had run); Battle, 912 F.3d at 712, n.2 (applying equitable tolling in the summary judgment context where plaintiff submitted verified evidence that he filed grievances that were pending during the limitations period). Defendant Berry's Motion for Judgment on the Pleadings will therefore be denied.

## V. CONCLUSION

In sum, for the reasons stated herein, Defendant Berry's Motion for Judgment on the Pleadings is denied.

**IT IS, THEREFORE, ORDERED** that Defendant Berry's Motion for Judgment on the Pleadings [Doc. 18] is **DENIED**.

**IT IS SO ORDERED.**

Signed: May 12, 2020

Martin Reidinger
United States District Judge