# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:19-cv-00165-MR

| | |
|---|---|
| ROBERT H. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| KERI L. TRIPLETT, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court *sua sponte* for a periodic status review.

*Pro se* Plaintiff's Complaint, filed pursuant to 42 U.S.C § 1983, passed initial review on claims against several defendants, including Watauga County Department of Social Services ("DSS") Social Worker Keri L. Triplett. [Docs. 1, 10]. On February 19, 2020, a summons form was transmitted to the U.S. Marshals Service for service on Defendant Triplett at the DSS offices. [Doc. 14]. The Marshals Services returned the summons unexecuted on March 30, 2020, indicating that "Triplett [is] no longer employed there." [Doc. 27 at 1].

Generally, a plaintiff is responsible for effectuating service on each named defendant within the time frame set forth in Fed. R. Civ. P. 4(m) and

failure to do so renders the action subject to dismissal. This period may be extended on a showing of good cause. Id. "[I]f an incarcerated plaintiff proceeding *in forma pauperis* provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Fed. R. Civ. P. 4(m) if the defendant could have been located with reasonable effort." Greene v. Holloway, 210 F.3d 361, 361 (4th Cir. 2000) (table) (citing Graham v. Satkoski, 51 F.3d 710 (7th Cir. 1995)). Simply noting that Defendant Triplett no longer works at the address on the summons is insufficient to show that the Marshals Service used reasonable effort to locate Defendant Triplett. See Greene, 210 F.3d at 361 (where the district court dismissed a defendant who no longer worked at the address where service was attempted, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

The Court will instruct the Marshals Service to use reasonable efforts to locate and obtain service on Defendant Triplett. If the Marshals Service is unable to obtain service on Defendant Triplett, it shall inform the Court of the reasonable attempts to obtain service. Defendant's home address shall be redacted from the summons forms for security purposes.

**IT IS, THEREFORE, ORDERED** that the Marshals Service shall use all reasonable efforts to locate and obtain service on **Defendant Keri L. Triplett**. If the Marshals Service is unable to obtain service on Defendant Triplett, it shall inform the Court of the reasonable attempts to obtain service.

The Clerk is respectfully instructed to mail a copy of the Complaint [Doc. 1], the Summons [Doc. 14], and this Order to the Marshals Service.

**IT IS SO ORDERED.**

Signed: May 12, 2020

Martin Reidinger
United States District Judge

3