# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:19-cv-00165-MR

| | |
|---|---|
| **ROBERT H. JOHNSON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **KERI L. TRIPLETT, et al.,** ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's *pro se* Motion for Emergency Injunction [Doc. 56] and Motion for the Appointment of Counsel[1] [Doc. 59].

The incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983. The Complaint passed initial review on claims that Defendants Keri L. Triplett and Beth Berry, both of whom were social workers with Watauga County Department of Social Services at the time, physically attacked the Plaintiff while they visited him at the Watauga County Detention Center.[2]

---

[1] Entitled "Motion Asking for an Emergency Injunction Requesting the Courts to Please Approve Plaintiff Counsel (Lawyer) to Assist Plaintiff with Disposition [sic]" by the *pro se* Plaintiff.

[2] This case was assigned to Judge Frank D. Whitney at that time. The Plaintiff is currently incarcerated at the Warren Correctional Institution.

In his first Motion, the Plaintiff seeks a restraining order protecting the Plaintiff and his family from the Defendants who, he alleges, have threatened him and his family. [Doc. 56]. The Defendants have filed a Response arguing that they have not and will not threaten to harm the Plaintiff or his family. [Doc. 61]. The Plaintiff filed a Reply arguing that his Motion is truthful, that the Defendants have been scaring his elderly mother who suffers from dementia, and that the Defendants need to stop their "threats and false denials." [Doc. 63 at 2].

Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). "[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Winter, 555 U.S. at 24. To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of

equities tips in his favor; and (4) that an injunction is in the public interest. DiBiase v. SPX Corp., 872 F.3d 224, 230 (4th Cir. 2017) (quoting Winter, 555 U.S. at 20).

The Plaintiff has failed to demonstrate that preliminary injunctive relief should be granted. The Plaintiff vaguely asserts that the Defendants have threatened him and his family members. However, the Plaintiff has not come forward with the records of any letters, visits, or phone calls demonstrating that there has been any contact whatsoever between himself and the Defendants. With regard to his family, the Plaintiff only alleges that his mother, who suffers with dementia, told him that the Defendants scared her and said that they are making threats because of this lawsuit. Such vague and conclusory allegations fail to demonstrate any basis for preliminary injunctive relief. Therefore, the Plaintiff's Motion is denied.

In his second Motion, the Plaintiff asks the Court to appoint counsel to represent him when the Defendants depose him. [Doc. 59; see also Doc. 55: Order granting Defendants leave to depose the incarcerated Plaintiff]. The Plaintiff argues that he does not know how to proceed or what is needed for the deposition.

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional

circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff has failed to demonstrate the existence of extraordinary circumstances that would warrant the appointment of counsel, and therefore, this request is denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Emergency Injunction [Doc. 56] and Motion for the Appointment of Counsel [Doc. 59] are **DENIED**.

**IT IS SO ORDERED.**

Signed: February 22, 2021

Martin Reidinger
Chief United States District Judge