# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:19-cv-00165-MR

| | |
|---|---|
| ROBERT H. JOHNSON, | ) |
| Plaintiff, | ) |
| vs. | ) |
| KERI L. TRIPLETT, et al., | )  **ORDER** |
| Defendants. | ) |

**THIS MATTER** is before the Court on the Plaintiff's *pro se* "Motion Requesting from the Plaintiff Whether or Not Blood Stained Boxer Shorts (Underwear) be Allowed as Evidence…" [Doc. 67]; the Plaintiff's "Motion … to do a Diposition [sic] on Defendants Attorneys and Possible Defendants …" [Doc. 71]; and the Plaintiff's "Motion Requesting a Second Deposition by Defendants Counsel at Plaintiff's Request…" [Doc. 72].

The incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983. The Complaint passed initial review on claims against Defendants Keri L. Triplett and Beth Berry regarding allegations of an assault upon Plaintiff at the Watauga County Detention Center ("WCDC").[1] Specifically, he alleges

---

[1] This case was assigned to Judge Frank D. Whitney at the time of initial review.

that Defendant Triplett "grabbed and twisted [Plaintiff's] penis and left testicle…." [Doc. 1 at 2].

In his first Motion, the Plaintiff asks the Court to determine whether or not several pairs of blood-stained boxer shorts can be presented as evidence that Defendant Triplett physically harmed him. [Doc. 67]. He also asks the Court to order Warren C.I. (where he is presently incarcerated) to preserve such evidence. Defendants filed a Response objecting to the Motion because it is premature and without a proper foundation of authentication. [Doc. 69]. The Plaintiff filed a Reply arguing that the Defendants have objected to his Motion because they are "scared and do not want the Court to see evidence first hand…." [Doc. 70 at 1]. He explains that, because the boxer shorts belong to the prison, he is asking the Court for an Order permitting him to transport that evidence to Court so that the boxer shorts will not be washed or tampered with.

The Plaintiff's request for a determination of the admissibility of bloody boxer shorts is denied as it would require the Court to issue an advisory opinion. The Plaintiff's request that the Court order Warren C.I. to preserve bloody boxer shorts as evidence is also denied. The Plaintiff alleges that Defendant Triplett assaulted him at the WCDC on April 17, 2014. He has failed to explain how bloody boxer shorts at Warren C.I., where he was

2

transferred on April 24, 2019,[2] nearly five years after the alleged assault, are material to the instant case in any way.

In his second Motion, the Plaintiff asks for leave to depose the Defendants at the same time that Defendants take his deposition.  [Doc. 71].  He also requests a subpoena for the Defendants' discovery material and for video surveillance footage of the alleged incident at WCDC.  The Defendants filed a Response stating that they are uncertain regarding the precise nature of the Plaintiff's request and therefore cannot take a position but, of course, the Plaintiff is free to conduct discovery pursuant to the Federal Rules of Civil Procedure.  [Doc. 73].

The Plaintiff's request to take the Defendants' depositions is insufficient.  He asked to depose the Defendants at the same time and date as his deposition, which was March 29, 2021.  However, this is the same date that his Motion was docketed with the Court.  [See Doc. 74].  In any event, the Plaintiff has failed to show that he can afford to pay the costs related to deposing the Defendants; the fact that he is proceeding *in forma pauperis* does not excuse him from bearing his own litigation expenses.  See

---

[2] The information regarding the Plaintiff's last movement date was gleaned from the North Carolina Department of Public Safety's website. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1487536&searchOffenderId=1487536&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last visited May 5, 2021).

United States v. MacCollum, 426 U.S. 317, 321 (1976) ("expenditure of public funds [on behalf of indigent litigants] is proper only when authorized by Congress."); Pickens v. Lewis, No. 1:15-cv-275-FDW, 2017 WL 2198342, at *2 (W.D.N.C. May 18, 2017) (noting that 28 U.S.C. § 1915 does not authorize payment of litigation expenses and, "[o]rdinarily, the plaintiff must bear the costs of his litigation … even in *pro se* cases."). Moreover, the Plaintiff's request for "discovery materials" from the Defendants is too vague and conclusory to support relief.

Finally, the Plaintiff seeks surveillance video footage from WCDC. This is liberally construed as a request for the issuance of a Rule 45 subpoena from the Watauga County Sheriff. See Fed. R. Civ. P. 45(a) (permitting a party to subpoena the production of documents and other things from nonparties); Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."). This Court has adopted the majority view that a Rule 45 subpoena "does in fact constitute discovery" and, as such, is accorded broad and liberal construction. Mortgage Info. Servs., Inc. v. Kitchens, 210 F.R.D. 562, 566 (W.D.N.C. 2002); see Herbert v. Lando, 441 U.S. 153, 177 (1979); Hickman v. Taylor, 329 U.S. 495, 507 (1947). The Courts have "wide latitude in controlling discovery and … [t]he latitude given the district courts

4

extends as well to the manner in which it orders the course and scope of discovery." Ardrey v. United Parcel Service, 798 F.3d 679, 682 (4th Cir. 1986).

The Plaintiff's motion to subpoena video from the April 17, 2014 incident at WCDC will be granted. Because the Plaintiff is proceeding *in forma pauperis*, the Clerk of Court will be instructed to issue the subpoena on the Plaintiff's behalf.[3] See 28 U.S.C. § 1915(d). This Order will constitute Notice to the parties of the subpoena request pursuant to Fed. R. Civ. P. 45(a)(4). The Clerk will be instructed to serve on each party a copy of this Order and the subpoena pursuant to Rule 45(a)(4), and to issue the subpoena three days later. See LCvR 45.2 (requiring notice pursuant to Fed. R. Civ. P. 45(a)(4) to be served on all other parties at least three calendar days before the date on which the subpoena is served on the non-party).

In his third Motion, the Plaintiff asks for a second deposition, as he feels that he "did not understand what was needed" when defense counsel deposed him on March 29, 2021. [Doc. 72 at 1]. He argues that a second deposition will allow him to "correctly respond to questions without messing up…." [Id.]. The Defendants filed a Response stating that they have finished

---

[3] It is unclear, at this juncture, whether any expenses will be associated with this request.

5

deposing the Plaintiff and decline to conduct a second deposition at this time. [Doc. 74].

There is no legal or factual basis for the Plaintiff to request that he be deposed by defense counsel for a second time, and therefore, this Motion is denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion Requesting from the Plaintiff Whether or Not Blood Stained Boxer Shorts (Underwear) be Allowed as Evidence…" [Doc. 67] and "Motion Requesting a Second Deposition by Defendants Counsel at Plaintiff's Request…" [Doc. 72] are **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's "Motion … to do a Diposition [sic] on Defendants Attorneys and Possible Defendants …" [Doc. 71], is **GRANTED IN PART** and **DENIED IN PART** as stated in this Order.

The Clerk is respectfully instructed to prepare a subpoena to: Len Hagaman, Sheriff of Watauga County, 184 Hodges Gap Road, Boone, NC 28607; serve each of the parties with a copy of this Order and the proposed subpoena; and serve the subpoena on Mr. Hagaman three days after the Order is served.

**IT IS SO ORDERED.**

Signed: May 24, 2021

Martin Reidinger
Chief United States District Judge