# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:19-cv-00165-MR

| | |
|---|---|
| **ROBERT H. JOHNSON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM OF** |
| **KERI L. TRIPLETT, et al.,** ) | **DECISION AND ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendants' Motion for Summary Judgment [Doc. 78].

## I. BACKGROUND

The incarcerated Plaintiff Robert H. Johnson filed this *pro se* action on December 12, 2019[1] pursuant to 42 U.S.C. § 1983 addressing an incident that allegedly occurred on April 17, 2014 while he was a pretrial detainee at the Watauga County Detention Center ("WCDC").[2] The Defendants, Keri L.

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to a § 1983 case).

[2] The Plaintiff filed the Complaint from the Warren Correctional Institution, where he is serving a 105-year sentence for three counts of first-degree sexual offense with a child and three counts of sexual activity as a substitute parent or custodian. [Doc. 81-1: Berry Decl. at ¶¶ 3-4]; https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&

Triplett and Beth Berry, were social workers at the Watauga County Department of Social Services at the relevant time. The Complaint passed initial review on a claim that Defendant Triplett used excessive force on the Plaintiff during a jailhouse interview by grabbing and twisting his privates, and that Defendant Berry failed to intervene.[3] [Doc. 10: Order on Initial Review]. The Plaintiff seeks damages, assistance in pursuing criminal charges against the Defendants, court costs, and termination of the Defendants' employment. [Doc. 1].

Defendant Berry filed a Motion for Judgment on the Pleadings, arguing that the Plaintiff's claims are barred by the three-year statute of limitations. [Doc. 18]. The Motion was denied because the Plaintiff's equitable tolling argument could not be resolved on the face of the pleadings. [Doc. 31].

Presently before the Court is the Defendants' Motion for Summary Judgment. [Doc. 78]. The Plaintiff filed a Response [Doc. 84],[4] and the Defendants filed a Reply [Doc. 85]. The Court notified the Plaintiff of the

---

offenderID=1487536&searchOffenderId=1487536&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed Oct. 25, 2021); Fed. R. Evid. 201.

[3] The case was assigned to Judge Frank D. Whitney at the time of initial review.

[4] The Response, which is not verified, sets forth four "reasons" why the Defendants' Motion for Summary Judgment should be denied and why Plaintiff should be allowed to proceed to trial. [Doc. 84: MSJ Response at 2].

opportunity to respond to Defendants' Motion and to present evidence in opposition pursuant to Fed. R. Civ. P. 56 [Doc. 87: Roseboro[5] Order], and the Plaintiff then filed a Sur-Reply.[6] [Doc. 91]. Having been fully briefed, this matter is ripe for disposition.[7]

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

---

[5] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

[6] The Sur-Reply, which is not verified, contends that the Defendants are "being completely dishonest" and asks the Court to deny the Motion for Summary Judgment so that the case may proceed to a jury trial. [Doc. 91: MSJ Sur-Reply at 1].

[7] The Court granted Plaintiff's request to subpoena video footage of the incident from the Watauga County Sheriff; however, no footage for the requested date was available. [Doc. 92: Order re Subpoena; Doc. 93: Subpoena Response]. The Plaintiff also requested an extension of time to file "over 2,100 pages" in support of his summary judgment Response and to accept a late, unverified document entitled "Affidavit." [Doc. 94]. These requests were denied on the grounds that the Plaintiff had failed to demonstrate excusable neglect for his failure to seek such extension of time in a timely manner. [Doc. 96: Order]. Despite the Court's ruling, the Plaintiff subsequently mailed the Court 11 envelopes containing "over 2,100 pages of medical information and etc. the Defendants' lawyers already ha[ve]" because it was "in [Plaintiff's] way" in prison. [Doc. 97: Letter at 1]. The Plaintiff asks the Court to "just throw [the documents] away" if the Court does not need them. [Id.]. The Clerk will be instructed to return the 11 envelopes of documents it received from the Plaintiff on August 19, 20, and 23, 2021. Plaintiff makes no argument as to how these documents are at all relevant to the present motion.

3

(1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. Rather, the nonmoving party must oppose a proper summary judgment motion with citation to "depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials" in the record. See id.; Fed. R. Civ. P. 56(c)(1)(a). Courts "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt. Inc. v. J.D. Assoc.'s, LLP, 213 F.3d 174, 180 (4th Cir. 2000). The nonmoving party must present sufficient evidence

from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

## III. FACTUAL BACKGROUND

Viewing the parties' forecasts of evidence in the light most favorable to the Plaintiff, the following is a recitation of the relevant facts.[8]

The Plaintiff was a pretrial detainee when Social Workers Berry and Triplett went to WCDC on April 17, 2014 to obtain a statement from him about his pending charges. [Doc. 81-8: Berry Decl. at ¶ 5; Doc. 81-9: Triplett Decl. at ¶ 3; Doc. 81-10: Rupard Decl. at ¶ 4]. Berry and Triplett interviewed the Plaintiff in a closed room while a detention officer waited just outside the

---

[8] The Plaintiff's Complaint and Summary Judgment materials are not notarized or signed under penalty of perjury. Accordingly, the only forecast of *evidence* presented by the Plaintiff consists of his sworn deposition testimony, which is included in this section.

5

door. [Doc. 81-8: Berry Decl. at ¶ 8; Doc. 81-9: Triplett Decl. at ¶ 5; Doc. 81-10 Rupard Decl. at ¶ 4]. The Plaintiff testified in his deposition that Triplett became angry during the interview and physically assaulted him to coerce a false confession while the Plaintiff screamed, begged for her to stop, and asked for a doctor.[9] [Doc. 81-3: Plaintiff's Depo. at 15-16, 20-21].

The Plaintiff alleges that he was bleeding after the encounter and immediately reported the assault to a guard.[10] [Doc. 81-3: Plaintiff's Depo. at 17-20, 23, 37]. The Plaintiff was escorted back to his cell block at the conclusion of the interview. [Doc. 81-10: Rupard Decl. at ¶ 7].

After the Plaintiff was convicted, he was transferred to the North Carolina Department of Public Safety in December 2015. He subsequently received a testicular examination and ultrasound, with normal results. [Doc. 81-4: NCDPS Exhibits at 4-8; Doc. 81-3: Plaintiff's Depo. at 36-38].

## IV. DISCUSSION

The Defendants argue that the Plaintiff's claims are barred by the statute of limitations.

---

[9] Berry and Triplett deny assaulting the Plaintiff. [Doc. 81-8: Berry Decl. at ¶ 11; Doc. 81-9: Triplett Decl. at ¶ 7].

[10] According to the guard, the Plaintiff did not mention anything about having been assaulted and did not appear to be in pain. [Doc. 81-10: Rupard Decl. at ¶ 7].

The statute of limitations for § 1983 claims is borrowed from the applicable state's statute of limitations for personal injury actions. See Wallace v. Kato, 549 U.S. 384, 387 (2007); Tommy Davis Constr., Inc. v. Cape Fear Pub. Util. Auth., 807 F.3d 62, 66-67 (4th Cir. 2015). Section 1983 claims arising in North Carolina are governed by the three-year period for personal injury actions. See N.C. Gen. Stat. § 1-52(16); Nat'l Adv. Co. v. City of Raleigh, 947 F.2d 1158, 1162 n.2 (4th Cir. 1991). The limitations period for a § 1983 claim begins to run when the plaintiff has "a complete and present cause of action" – in other words, when he could have "file[d] suit and obtain[ed] relief." Wallace, 549 U.S. at 388 (quoting Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201 (1997)). Equitable tolling is "reserved for 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitations period against the party and gross injustice would result.'" Battle v. Ledford, 912 F.3d 708, 718 (4th Cir. 2019) (quoting Raplee v. United States, 842 F.3d 328, 333 (4th Cir. 2016); Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Generally, a litigant seeking equitable tolling bears the burden of establishing: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

7

circumstances stood in his way." See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Holland v. Florida, 560 U.S. 631, 653 (2010).

First, the Plaintiff appears to argue that he should be granted equitable tolling because feelings of embarrassment prevented him from filing this lawsuit sooner. [See Doc. 24: MJP Response]. Feelings of embarrassment are not circumstances outside the Plaintiff's control that warrant equitable tolling. See Getchy v. County of Northumberland, 120 F. App'x 895 (3d Cir. 2005) (plaintiff, a former juvenile inmate at a county adult correctional facility, who was allegedly sexually abused by adult inmates, was not entitled to equitable tolling based on warden's statement that he would humiliate himself and his mother if he reported the attacks because the warden did not mislead the plaintiff about the availability of a cause of action or deny that the injuries occurred). Nor can the Plaintiff demonstrate that he exercised due diligence in light of his own decision to delay because he "didn't want to mention it." [Doc. 81-3: Plaintiff's Depo. at 33] (addressing his failure to include the claim in his 2014 lawsuit against Berry and Triplett). Further, the Plaintiff's allegations in this regard are not credible in light of his contradictory statements at his deposition. The Plaintiff stated, under oath, that he told a guard about the incident immediately after it occurred and addressed it in a written grievance. [Doc. 81-3: Plaintiff's Depo. at 18, 23]. These statements

8

cannot be reconciled with his assertions, under oath, that he was too embarrassed to mention the incident to medical or mental health personnel or include it in his 2014 lawsuit because he "ain't going to put on paper … [that he] got hurt by a female." [Doc. 81-3: Plaintiff's Depo. at 32-33].

Second, the Plaintiff appears to argue that equitable tolling applies because he filed a grievance at WCDC that was unanswered. [See Doc. 24: MJP Response]. As a general matter, an inmate's attempts to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA") tolls the statute of limitations applicable to the claims. See Battle, 912 F.3d at 718. The Plaintiff contends that he filed an administrative grievance on an unspecified day and that it received no response. [Doc. 81-3: Plaintiff's Depo. at 13-14]. However, he fails to provide the date of the grievance or attach any documentation supporting his conclusory contention that he filed a grievance. [Doc. 81-3: Plaintiff's Depo. at 39-40]. Nor does he explain why he waited more than five years and seven months after the incident to file the instant lawsuit. As such, the Plaintiff has failed to carry his burden to demonstrate that equitable tolling should apply.

The Plaintiff has failed to demonstrate either that an extraordinary circumstance beyond his control prevented him from timely filing this lawsuit, or that he exercised due diligence. The Defendants' Motion for Summary

9

Judgment will therefore be granted because this action is barred by the applicable statute of limitations.[11]

## IV. CONCLUSION

For the reasons stated herein, the Court will grant Defendants' Motion for Summary Judgment [Doc. 78] because this action is barred by the statute of limitations.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendants Keri L. Triplett and Beth Berry's Motion for Summary Judgment [Doc. 78] is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**.

The Clerk is respectfully directed to return the 11 envelopes of documents that the Court received from the Plaintiff on August 19, 20, and 23, 2021, and to terminate this action.

**IT IS SO ORDERED.**

Signed: October 29, 2021

Martin Reidinger
Chief United States District Judge

---

[11] Because this action is clearly time-barred, the Court will not address Defendants' exhaustion and merits arguments.